IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER R. DESMOND, | : |
| Petitioner, | : |
| v. | : C.A. No. 14-1365-LPS |
| SUPERIOR COURT OF DELAWARE, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, et al., | : |
| Respondents. | : |

## **MEMORANDUM**

### I. **BACKGROUND**

In 1992, a Delaware Superior Court jury convicted Desmond on multiple counts of first degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape. His convictions were affirmed on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Desmond filed a petition for a writ of habeas corpus, which the Honorable Gregory M. Sleet denied as meritless. *See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999). Desmond filed a second petition for habeas relief, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it was second or successive. *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). On August 13, 2003, the Court of Appeals for the Third Circuit denied Desmond's application to file a second or successive habeas petition. *See In Re Desmond*, Civ. A. No. 03-2416, Order (3d Cir. Aug. 13, 2003).

Thereafter, Desmond filed a Rule 60(b) motion for reconsideration of the 1999 denial of his first habeas petition, arguing that claims one, five, six, and seven of his 1996 habeas petition should

1

not have been dismissed for being procedurally barred. The Honorable Gregory M. Sleet denied the Rule 60(b) motion. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). The Third Circuit denied Desmond's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006). In 2013, Desmond filed a Rule 59(e) motion for reargument in that same case, which the Honorable Gregory M. Sleet denied. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Memorandum Order (D. Del. Dec. 19, 2013). The Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision, *see Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. May 29, 2014), and then denied his petition for rehearing, *see Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. June 24, 2014).

In 2011, Desmond filed a Petition for Writ of Mandamus contending that two Delaware state court decisions (*State v. Bridgers*, 988 A.2d 939 (Del. Super. Ct. 2007), *aff'd*, *State v. Bridgers*, 970 A.2d 257 (Table), 2009 WL 824536 (Del. Mar. 30, 2009), and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010)) demonstrated that the Delaware state courts and this Court misinterpreted the first degree robbery statute, Del. Code Ann. tit. 11, § 832, in refusing to vacate his convictions for eight counts of first degree robbery. *See Desmond v. Phelps*, 2012 WL 3518531 (D. Del. Aug. 15, 2012). This Court denied the Petition for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition. *See id.* at *3. The Third Circuit summarily affirmed that decision. *See Desmond v. Phelps*, C.A. No. 12-3552, Order (3d Cir. Feb. 22, 2013).

Presently pending before the Court is a document filed by Petitioner Christopher R. Desmond titled Petition for Writ of Mandamus ("Petition") (D.I. 2), a Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1), two Motions to Amend the Petition (D.I. 6; D.I. 7), a Motion to Arrest Judgment (D.I. 9), a Motion for In Personam Jurisdiction (D.I. 11), a Motion to Enforce

2

Defendant's Statement Pursuant to Fed. R. Civ. P. 11 (D.I. 12), and Motion for Supplemental Pleadings in Support of Petitioner's Immediate Release (D.I. 13).

Desmond is an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware. The Petition names the Delaware Superior Court, the Attorney General of the State of Delaware, and two Delaware judges as the Respondents. In the instant Petition, Desmond asks the Court compel the Respondents to enforce an allegedly uncommunicated plea offer from 1992 which contained a sentencing recommendation of twenty years. (D.I. 2 at 2) Desmond asserts that his "sentence expired on October 9, 2011, [which was] the full-term of the twenty year plea, and [that] he is entitled to be released from all conditions imposed upon him outside the twenty year uncommunicated plea deal." (D.I. 2 at 2) According to Desmond, mandamus relief is appropriate because he has no other remedies available to compel the Respondents to "uphold their constitutional duties and enforce their own rules of contract law and notice of pleas." (D.I. 2 at 8, 20)

## II. LEGAL STANDARDS

Mandamus is a drastic remedy to be used only in extraordinary circumstances,[1] and such relief is only available when: (1) the petitioner demonstrates that he has "no other adequate means to attain the relief he desires;" (2) the petitioner demonstrates that "his right to the issuance of the writ is clear and indisputable;" and (3) the issuing court is satisfied that "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190-91 (2010).

In addition, pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals

---

[1] *See Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976).

3

pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new applications challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

As an initial matter, the Court notes that the relief Desmond seeks can only be obtained through the writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Therefore, the Court construes the instant Petition as a request for federal habeas relief pursuant to 28 U.S.C. § 2254.[2]

The Court further construes Desmond's two Motions to Amend the Petition (D.I. 6; D.I. 7), his Motion to Arrest Judgment (D.I. 9), his Motion for *In Personam* Jurisdiction (D.I. 11), his Motion to Enforce Defendant's Statement (D.I. 12), and his Motion for Supplemental Pleadings In Support of Petitioner's Immediate Release (D.I. 13) to be Memoranda in Support of his habeas Petition. Nevertheless, Desmond is not entitled to the relief he requests. Because the instant Petition is Desmond's fourth request for habeas relief from his 1992 convictions, with his other habeas petitions having been dismissed as meritless or for lack of jurisdiction, the Court concludes that the Petition constitutes a second or successive habeas petition for the purposes of § 2244.

---

[2]Even if the Court were to treat the pending Petition as a "true" request for mandamus relief, none of Desmond's filings demonstrate that he has an indisputable right to have his first degree robbery convictions reconsidered. Additionally, contrary to Desmond's apparent assumption, the fact that he is barred from filing another habeas application without permission does not make mandamus an available remedy. *See In re Robinson*, 425 F. App'x 114, 115 (3d Cir. 2011) (non-precedential) ("[M]andamus does not become available simply because a federal court previously denied habeas relief or because the gatekeeping provisions of 28 U.S.C. § 2254 make it difficult to pursue a successive motion.").

4

Consequently, the Court can only consider the Petition if Desmond obtained authorization to file it from the Court of Appeals. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (stating if habeas petitioner erroneously files second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631"); 28 U.S.C. § 2244.

Desmond does not allege, and there is nothing in the record to indicate, that he has obtained such authorization from the Court of Appeals. Therefore, the Court will dismiss the instant Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 applications); 28 U.S.C. § 2244(b)(1).

The Court will also decline to issue a certificate of appealability because Desmond has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

## IV. CONCLUSION

For the reasons stated above, the Court concludes that it must dismiss the instant Petition for lack of jurisdiction because it constitutes an unauthorized second or successive habeas petition. A separate Order will be entered.

Dated: August 11, 2015

UNITED STATES DISTRICT JUDGE