IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER R. DESMOND, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 14-1365-LPS |
| | : | |
| SUPERIOR COURT OF DELAWARE, | : | |
| and ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

I. **INTRODUCTION**

Pending before the Court is Petitioner Christopher R. Desmond's ("Petitioner") Motion For Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion") regarding the dismissal of his Petition for Writ of Mandamus.[1] (D.I. 16) For the reasons discussed, the Court will deny the Rule 59(e) Motion.

II. **BACKGROUND**

In 1992, a Delaware Superior Court jury convicted Petitioner on multiple counts of first degree robbery, possession of a deadly weapon during the commission of a felony, second degree conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape. He was sentenced to over seventy years at Level V incarceration. *See State v. Desmond*, 2014 WL 7009341, at *1 (Del. Super. Ct. Dec. 2, 2014). The Delaware Supreme Court affirmed his convictions and sentence on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

---

[1]Petitioner filed his Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), but the Court will treat it as timely filed pursuant to Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

In 1996, Petitioner filed a petition for a writ of habeas corpus, which the Honorable Gregory M. Sleet denied as meritless. *See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999). Petitioner filed a second petition for habeas relief, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it was second or successive. *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). On August 13, 2003, the Court of Appeals for the Third Circuit denied Petitioner's application to file a second or successive habeas petition. *See In Re Desmond*, Civ. A. No. 03-2416, Order (3d Cir. Aug. 13, 2003).

Thereafter, Petitioner filed a Rule 60(b) motion for reconsideration of the 1999 denial of his first habeas petition, arguing that claims one, five, six, and seven of his 1996 habeas petition should not have been dismissed for being procedurally barred. The Honorable Gregory M. Sleet denied the Rule 60(b) motion. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). The Third Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006). In 2013, Petitioner filed a Rule 59(e) motion for reargument in that same case, which the Honorable Gregory M. Sleet denied. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Memorandum Order (D. Del. Dec. 19, 2013). The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision, *see Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. May 29, 2014), and then denied his petition for rehearing, *see Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. June 24, 2014). In 2014, Petitioner filed a motion to reopen the case, which the Honorable Gregory M. Sleet denied. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Memorandum Order (D. Del. Aug. 24, 2015). Petitioner's motion for a certificate of appealability with respect to that decision is pending before the Third Circuit. *See Desmond v. Snyder*, Civ. A. No. 15-3248 (3d Cir. Sept. 18, 2015)

Meanwhile, in 2011, Desmond filed a Petition for Writ of Mandamus contending that two Delaware state court decisions (*State v. Bridgers*, 988 A.2d 939 (Del. Super. Ct. 2007), *aff'd*, *State v. Bridgers*, 970 A.2d 257 (Table), 2009 WL 824536 (Del. Mar. 30, 2009), and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010)) demonstrated that the Delaware state courts and this Court misinterpreted the first degree robbery statute, Del. Code Ann. tit. 11, § 832, in refusing to vacate his convictions for eight counts of first degree robbery. *See Desmond v. Phelps*, 2012 WL 3518531 (D. Del. Aug. 15, 2012). This Court denied the Petition for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition. *See id.* at *3. The Third Circuit summarily affirmed that decision. *See Desmond v. Phelps*, C.A. No. 12-3552, Order (3d Cir. Feb. 22, 2013).

Thereafter, Petitioner filed in this Court a Petition for Writ of Mandamus, asking the Court to compel the Respondents to enforce a plea offer from 1992 that expired before it was communicated to him; the plea offer contained a sentencing recommendation of twenty years. (D.I. 2 at 2) Petitioner contended that his "sentence expired on October 9, 2011, [which was] the full-term of the twenty year plea, and [that] he is entitled to be released from all conditions imposed upon him outside the twenty year uncommunicated plea deal." (D.I. 2 at 2) He argued that mandamus relief is appropriate because he has no other remedies available to compel the Respondents to "uphold their constitutional duties and enforce their own rules of contract law and notice of pleas." (D.I. 2 at 8, 20)

The Court dismissed the Petition for Writ of Mandamus for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition. (D.I. 14; D.I. 15) The Court also noted that, even if it were to treat the filing as a true request for mandamus relief, such relief was not available to him on the facts presented. (D.I. 14 at 4 n.2)

3

### III. STANDARD OF REVIEW

In order to prevail on a motion for reconsideration/amend judgment filed pursuant Federal Rule of Civil Procedure 59(e), a moving party must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

### IV. DISCUSSION

Petitioner timely filed the instant Rule 59(e) Motion, contending that the Court erred by construing his Petition for Writ of Mandamus as a second or successive habeas petition. Specifically, he asserts that mandamus is his only remedy because he is no longer in custody pursuant to his 1992 convictions, since those convictions "expired on October 9, 2011," the date on which the twenty year sentence contained in the uncommunicated/expired 1992 plea offer ended. (D.I. 16 at 2) This argument lacks merit. In 1992, Petitioner was sentenced to more than seventy years of Level V incarceration, and that sentence did not expire in 2011. By alleging that he is entitled to the twenty year sentence that was contained in the uncommunicated/expired plea offer, Petitioner is, in fact, challenging the legality of his 1992 convictions. Contrary to his assertion, the relief he seeks can only be obtained through the writ of habeas corpus.[2] *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Accordingly, the Court will deny the instant Rule 59(e) Motion because Petitioner does not assert any intervening change in law, the availability of previously unavailable evidence, or a

---

[2] Petitioner may seek authorization to file a second or successive habeas petition from the Third Circuit.

4

"clear error of law" of the sort that would compel reconsideration of the Court's decision to deny his Petition for Writ of Mandamus for being an unauthorized second or successive habeas petition.

## V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 59(e) Motion. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

A separate Order will be entered.

Dated: February 12, 2016

_____
UNITED STATES DISTRICT JUDGE