TO:  Leonard P. Stark
     U.S. DISTRICT COURT JUDGE
RE:  Desmond, V. Superior Court of Delaware, etal
     Civ. A. No. 14-1365-LPS
SUBS: The application of Satterfield V. D.A. Phil
2017 U.S. App. LEXIS 18537 (Third Cir. Sept. 26, 2017)
To Desmond's pending Rule 60(b)(6) motion in court.
DATE: October 6, 2017
          Dear Judge Stark
          I have just recieved and reviewed
     The Third       of appeals decision in Satterfield
     relating to Rule 60(b)(6) motions and claims of
     innocences, in the case at bar, Desmond has and the
     State has conceded in prior filings had Desmond been
     tried today for the EIGHT counts of Robbery First Degree
"no jury would have convicted him, nor would the
State even by statute allowed to pursue the EIGHT
Counts of Robbery First Degree charges." Thereby establishing
The McQuiggen definition of "actual innocence" or
"miscarriage of Justice exceptions for any time bar
analysis, which the court imposed prior in (D.I. #14)
     Moreover, Desmond further claimed and the state
courts nor the State's Attorney General can deny,
he was denied his Sixth Amendment Right to Counsel
before a favorable plea expired on JAN 15, 1992
which would have released Desmond in 2011 —

1

- full term had he had counsel to inform him on or before JAN 15, 1992. The <u>Satterfield</u>, 2017 U.S. App. LEXIS 18537 at *20 makes clear Rule 60(b)(6) analysis identified in <u>Buck v. DAVIS</u>, 137 S. Ct. 759, 778 (2017) allows a party (Desmond) to show a "risk of injustice" as exceptional circumstances. id at *20.

   WHEREFORE, Petitioner respectfully moves the Court for the Application of Satterfield in his Pending Rule 60(b)(6) motion in this case.

DATE: OCt. 3 2017

C.C. Gregory E. Smith
Deputy Attorney General
Delaware Department of Justice

Christopher R. Desmond
JTVCC
1181 PADDOCK Road
Smyrna, Delaware 19977