IN THE DISTRICT COURT

DISTRICT OF DELAWARE

CHRISTOPHER R. DESMOND,  )
      Petitioner,  )
                    )
v.                       )  Civil Action No. 14-1365-LPS
                    )
SUPERIOR COURT OF THE STATE, et al, )
OF DELAWARE, et al  )
      Respondents.  )

MOTION FOR THE RESPONDENTS TO COMPEL THE DELAWARE DEPARTMENT OF CORRECTION LEGAL SERVICES

On April 9, 2018 Desmond submitted along with his Fed. R. Civ. P. 7 for Expansion of The Record motion Exhibits relevant to the dispute. Pursuant to Rule 7 Desmond submitted the Briefs filed in U.S. v. Vaughn, 2017 U.S. App. LEXIS 15208 (Third Cir.) Enclosed within the briefs both the United States and Vaughn's counsel conceded the petitioner under Rule 7 must bring credibility facts to support his claims for a uncounseled plea violation, in This case Desmond claims he had "No counsel" and "Never rejected The plea". The court and counsel required "Supporting documentation in support of his legal issue." Desmond attempted to supply the court with the standard of review and supporting documentation from both the United States brief and Vaughn counsel which supports Desmond's claims to be entitled to his pre-trial status of 1992 Jan. 15, 1992.

1

Desmond Claimed he is being held by the State of Delaware unconstitutionally given he has served his 20 year sentence effective Jan. 15, 1992 ending Oct. 9, 2011 given he was arrested on Oct. 8, 1991, its now 2018. In the United States Brief of Appellee at #19 they concede " Defense counsel do have a duty to communicate to their client that the Government has offered a Plea". Missouri v. Frye, 566 U.S. 134, 145 (2012). Establishing Desmond had a Sixth Amendment to counsel and notice of the plea on or before Jan. 15, 1992, Neither happened and the respondents through their agents at the DOC legal services Mike Little, et al are preventing Desmond, et al from presenting their issues completely pursuant to the court Rules 7(a)(b)(c) Supreme court Rule 14 (b)(ii)(vi) Rule 21 (B)(iii)(c) Rule 27 (B) and Rule 30 (l)(2) All the rules require Desmond to supply the court with what " he believes essential to the courts understanding of his petition."

The Legal services acting as guardians and on behalf of respondents are arbitrarly deciding what materials petitioners can supply in support of their claims in violation of The court rules and prohibiting defendants (Desmond) from litigating his claims under Rule 7 (a)(b)(c).

JTVCC inmates pay for their Law library system under (DOC policy 3.9 V. E.) However, they are blocked from obtaining informational case laws, and copies and in this case to E-File materials supporting his Rule 7 motion.

Dated: April 13, 2018

Christopher R. Desmond Pro se #160380
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Under E-File Rules does it state a restriction on materials that are "Legal" The <u>Vaughn Briefs are legal</u> unpublished and relevant to Desmond's pending Rule 60(b)(6) motion and Rule 7 expansion of the record motion. And the arbitrarly decided denial by legal services at JTVCC of materials a inmate (Desmond) can e-file violates his sixth Amendment rights to access to the courts. moreover the denial places Desmond at a disadvantage in litigating his claims in this court. Desmond is actually injured by the endless interfearance of legal services at JTVCC in Desmond litigation, Desmond is forced to obtained legal information available on "LEXIS legal system" from outside sources at his own expanse, while paying for legal system he's denied access to by JTVCC paralegal staff.

Given the arbitrary "Appointment system, awarded to inmates who do not complaine, rather then their merits" because of this motion and Grievance Desmond will be retaliated against and denied appointments and harrassed about requests by staff further obstructing access to the courts.

Desmond seeks an order compelling the respondents to order JTVCC legal services to allow him to E-File his Exhibits to the court in support of his Rule 60(b)(6) and Rule 7(a)(b)(c) motions.

*Christopher R. Desmond*

CC: Gregory E. Smith
Deputy Attorney General
820 N. French Street
Wilmington Delaware
19801

3

IN THE DISTRICT COURT

DISTRICT OF DELAWARE

CHRISTOPHER R. DESMOND               )
                                     )
     ~~Plaintiff~~, Petitioner,      )
                                     )
     v.                              )     Civil Action No. 14-1365-LPS
                                     )
                                     )
SUPERIOR COURT OF THE STATE OF, et al,)
DELAWARRE                            )
                                     )
     ~~Defendant~~ Respondents       )

ORDER

IT IS HEREBY ORDERED, THIS _____ DAY OF _____,

20____, THAT THE ATTACHED MOTION _____ HAS BEEN

READ AND CONSIDERED. IT IS ORDERED THAT THE MOTION IS

HEREBY _____ .

_____

District Court Judge

4