IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER R. DESMOND, :
:
               Petitioner, :
:
    v. : Civ. Act. No. 14-1365-LPS
:
SUPERIOR COURT OF DELAWARE, :
and ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
               Respondents. :

## MEMORANDUM

## I.    INTRODUCTION

Pending before the Court are Petitioner Christopher R. Desmond's ("Petitioner") Motions

For Reconsideration Pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Motions for

Reconsideration) regarding the dismissal of his Petition for Writ of Mandamus.[1] (D.I. 24; D.I. 27;

D.I. 28: D.I. 29) For the reasons discussed, the Court will deny the Motions for Reconsideration.

## II.    BACKGROUND

In 1992, a Delaware Superior Court jury convicted Petitioner on multiple counts of first

degree robbery, possession of a deadly weapon during the commission of a felony, second degree

conspiracy, possession of a deadly weapon by a person prohibited, theft, and third degree escape.

He was sentenced to more than 70 years at Level V incarceration. *See State v. Desmond*, 2014 WL

---

[1]Petitioner filed his Motions for Reconsideration pursuant to Federal Rules of Civil
Procedure 59(e) and 60(b). However, because the Motions were filed more than 28 days after the
entry of the Court's judgment, the Court will treat the Motions as filed pursuant to Rule 60(b). *See*
Fed. R. Civ. P. 59(e); *see also Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Rankin v. Heckler*,
761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of
entry of judgment questioning the correctness of judgment may be treated as a motion to amend or
alter the judgment under Rule 59(e).").

7009341, at *1 (Del. Super. Ct. Dec. 2, 2014). The Delaware Supreme Court affirmed his convictions and sentence on direct appeal. *See Desmond v. State*, 654 A.2d 821 (Del. 1994).

In 1996, Petitioner filed a petition for a writ of habeas corpus, which the Honorable Gregory M. Sleet denied after finding four claims were procedurally barred and three claims were meritless. *See Desmond v. Snyder*, 1999 WL 33220036 (D. Del. Nov. 16, 1999). Petitioner filed a second petition for habeas relief, which the Honorable Joseph J. Farnan, Jr. dismissed for lack of jurisdiction because it was second or successive. *See Desmond v. Carroll*, Civ. A. No. 02-1501-JJF, Order (D. Del. Oct. 2, 2002). On August 13, 2003, the Court of Appeals for the Third Circuit denied Petitioner's application to file a second or successive habeas petition. *See In Re Desmond*, Civ. A. No. 03-2416, Order (3d Cir. Aug. 13, 2003).

In 2005, Petitioner filed in his original 1996 habeas proceeding a Rule 60(b) motion for reconsideration of the 1999 denial of his first habeas petition, arguing that claims one, five, six, and seven of his 1996 habeas petition should not have been dismissed for being procedurally barred. The Honorable Gregory M. Sleet denied the Rule 60(b) motion. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Order (D. Del. Apr. 5, 2006). The Third Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability with respect to that decision. *See Desmond v. Snyder*, Civ. A. No. 06-2359, Order (3d Cir. Nov. 30, 2006). In 2013, Petitioner filed a Rule 59(e) motion for reargument in the same 1996 case, which the Honorable Gregory M. Sleet denied. *See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Memorandum Order (D. Del. Dec. 19, 2013). The Third Circuit Court of Appeals denied Desmond's motion for a certificate of appealability with respect to that decision, *see Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. May 29, 2014), and then denied his petition for rehearing, *see Desmond v. Snyder*, Civ. A. No. 14-1005, Order (3d Cir. June 24, 2014). In 2014, Petitioner filed a motion to reopen the case, which the Honorable Gregory M. Sleet denied.

*See Desmond v. Snyder*, Civ. A. No. 96-327-GMS, Memorandum Order (D. Del. Aug. 24, 2015). On December 15, 2016, the Third Circuit denied Petitioner's motion for a certificate of appealability with respect to that decision. (D.I. 119)

Meanwhile, in 2011, Desmond filed a Petition for Writ of Mandamus contending that two Delaware state court decisions (*State v. Bridgers*, 988 A.2d 939 (Del. Super. Ct. 2007), *aff'd, State v. Bridgers*, 970 A.2d 257 (Table), 2009 WL 824536 (Del. Mar. 30, 2009), and *State v. Owens*, 2010 WL 2892701 (Del. Super. Ct. July 16, 2010)) demonstrated that the Delaware state courts and this Court misinterpreted the first degree robbery statute, Del. Code Ann. tit. 11, § 832, in refusing to vacate his convictions for eight counts of first degree robbery. *See Desmond v. Phelps*, 2012 WL 3518531 (D. Del. Aug. 15, 2012). A new case was opened, and this Court denied the Petition for lack of jurisdiction after determining that it constituted an unauthorized second or successive habeas petition. *See id.* at *3. The Third Circuit summarily affirmed that decision. *See Desmond v. Phelps*, C.A. No. 12-3552, Order (3d Cir. Feb. 22, 2013).

On November 3, 2014, Petitioner filed in this Court a Petition for Writ of Mandamus, asking the Court to compel the Respondents to enforce a plea offer from 1992 that had expired before it was communicated to him; the plea offer contained a sentencing recommendation of 20 years. (D.I. 2 at 2) Petitioner contended that his "sentence expired on October 9, 2011, [which was] the full-term of the twenty year plea, and [that] he is entitled to be released from all conditions imposed upon him outside the twenty year uncommunicated plea deal." (D.I. 2 at 2) He argued that mandamus relief is appropriate because he has no other remedies available to compel the Respondents to "uphold their constitutional duties and enforce their own rules of contract law and notice of pleas." (D.I. 2 at 8, 20) The instant case was opened and the Court dismissed the Petition for Writ of Mandamus for lack of jurisdiction after determining that it constituted an unauthorized

3

second or successive habeas petition. (D.I. 14; D.I. 15) The Court also noted that, even were it to treat the filing as a request for mandamus relief, such relief was not available to him on the facts presented. (D.I. 14 at 4 n.2) Petitioner appealed, and the Third Circuit declined to issue a certificate of appealability with respect to that decision. (D.I. 23) Since 2017, Petitioner has filed four Motions for Reconsideration (D.I. 24; D.I. 27; D.I. 28; D.I. 29), two Motions to Expand the Record (D.I. 25; D.I. 30), and one Motion to Compel (D.I. 32), all in the instant proceeding.

## III. LEGAL STANDARDS

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b) motion is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[2] but may be granted only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A motion for reconsideration is not an occasion to reargue issues that the Court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the Court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive

---

[2] *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

4

habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

In his Motions for Reconsideration, Petitioner contends that the Court erred by construing his Petition for Writ of Mandamus as a second or successive habeas petition. Specifically, he asserts that mandamus is his only remedy because he is no longer in custody pursuant to his 1992 convictions, since his sentence on those convictions expired on October 9, 2011, the date on which the 20-year sentence contained in the uncommunicated/expired 1992 plea offer ended. (D.I. 29 at 7) Petitioner presented this same argument in an earlier Rule 59(e) Motion for Reconsideration (D.I. 16), which the Court denied on February 12, 2016 (D.I. 20; D.I. 21). However, Petitioner also contends that he is now entitled to Rule 60(b) relief because the Supreme Court decided *Buck v. Davis*, 137 S.Ct. 759 (2017) in 2017, after the Court denied his earlier Rule 59(e) Motion. (D.I. 24 at 1; D.I. 29 at 7) For the following reasons, this argument lacks merit.

In 1992, Petitioner was sentenced to more than 70 years of Level V incarceration, and that sentence did not expire in 2011. By alleging that he is entitled to the 20-year sentence that was contained in the uncommunicated/expired plea offer, Petitioner is, in fact, challenging the legality of his 1992 convictions. Contrary to his assertion, the relief he seeks can only be obtained through a writ of habeas corpus,[1] and *Buck* does not alter that conclusion. In *Buck*, 137 S.Ct. at 778, the

---

[1] *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Supreme Court reiterated the well-settled principle that "relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Buck* also explained that a court may consider a wide range of factors when determining if extraordinary circumstances are present and, in appropriate cases, those factors may include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Id.* The Third Circuit has interpreted *Buck* as permitting a court to consider "the severity of the underlying constitutional violation [as] an equitable factor that may support a finding of extraordinary circumstances under Rule 60(b)(6)." *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 163 (3d Cir. 2017).

Here, Petitioner does not present any persuasive argument that the circumstances in his case are as extraordinary as those in *Buck*. Petitioner's unsupported and self-serving statement that he his sentence ended in 2011 pursuant to an uncommunicated plea offer does not demonstrate a "risk of injustice" amounting to an extraordinary circumstance in the manner contemplated by *Buck*; nor does it establish a risk of undermining public confidence in the justice system if the Court refuses to grant him relief. In other words, Petitioner has failed to demonstrate that *Buck*'s "equitable principles" warrant reopening his mandamus proceeding.

Accordingly, the Court will deny the instant Motions for Reconsideration. Petitioner's argument fails to persuade the Court that it should reconsider its decision to deny his Petition for Writ of Mandamus for being an unauthorized second or successive habeas petition. Petitioner may seek authorization from the Third Circuit to file a second or successive habeas petition.

## V.     MOTIONS

Petitioner filed two Motions to Expand the Record (D.I. 25; D.I. 30) and a Motion to Compel (D.I. 32), both of which seek documentation of the uncommunicated plea offer. Having

concluded that his Motions for Reconsideration do not warrant relief, the Court will dismiss these Motions as moot.

## VI.    CONCLUSION

For the aforementioned reasons, the Court will deny the instant Motions for Reconsideration, the Motions to Expand, and the Motion to Compel. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

A separate Order will be entered.

September 21, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE